**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nautilus Hyosung Inc. and Nautilus Hyosung America Inc. Plaintiffs (Complainants) v. Diebold Incorporated and Diebold Self Service Systems Defendants (Respondents). | Miscellaneous Case No. _____ |
| In the Matter of CERTAIN AUTOMATED TELLER MACHINES, ATM MODULES, COMPONENTS THEREOF, AND PRODUCTS CONTAINING THE SAME, Pending in the United States International Trade Commission; Inv. No. 337-TA-989 (Shaw, ALJ) | |

**NAUTILUS HYOSUNG INC. AND NAUTILUS HYOSUNG AMERICA INC.'S MOTION
FOR ISSUANCE OF LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON
THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

Nautilus Hyosung Inc. and Nautilus Hyosung America Inc. (collectively, "Nautilus Hyosung"), hereby respectfully request that this Court issue a Letter of Request pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") on behalf of Nautilus Hyosung to obtain documents from the following foreign third party:

Wincor Nixdorf International GmbH
Heinz-Nixdorf-Ring 1, 331106
Paderborn, Germany

Specifically, Nautilus Hyosung requests that this Court grant its motion, sign the attached proposed Letter of Request to Wincor Nixdorf International GmbH (Attachment A)[1], and return a signed copy of the Letter with the signature authenticated by the Clerk of the Court to Nautilus Hyosung so that Nautilus Hyosung may transmit the request to the German Court.  The proposed Letter of Request solicits the assistance of Germany's Central Authority for the Hague Service Convention to obtain certain documents relevant to this Investigation, which are unobtainable through other means.  Nautilus Hyosung has included as Attachment F the recommendation of Administrative Law Judge Shaw to this court supporting the issuance of Nautilus Hyosung's Letter of Request.

Nautilus Hyosung believes that Wincor Nixdorf International GmbH is likely in the possession of substantial information relevant to this investigation.  Nautilus Hyosung contends in the above-captioned investigation that Respondents Diebold Incorporated's and Diebold Self Service Systems' (collectively, "Diebold") products containing modules manufactured and sold to Diebold by Wincor Nixdorf International GmbH infringe at least U.S. Patents Nos. 7,950,655; 8,152,165; and 8,523,235.  Specifically, Nautilus Hyosung contends that U.S. Patent Nos. 7,950,655; 8,152,165; and 8,523,235 cover ATM modules and components present in the Diebold 7700, 7750, 7780, 7790, 9900 series products as well as all Diebold ATMs including the Diebold ActivMedia, Diebold ActivRecycle, and/or the Wincor CCDM module.  Diebold admitted in their Response to the Complaint that the Accused Diebold ATMs include certain Wincor OEM CCDM modules.

---

[1] Nautilus Hyosung has also attached a copy of the Letter of Request translated into German (Attachment B), the protective order issued in the above investigation (Attachment C), a copy of the protective order translated into German (Attachment D), and the notarized affidavit of the translator (Attachment E).

Nautilus Hyosung conferred with Wincor Nixdorf International GmbH's American subsidiary, Wincor Nixdorf, Inc., and believes, in view of those conversations, that Wincor Nixdorf International GmbH is in the possession of information relevant to this investigation that and such information is not obtainable through the subsidiary.  Such information includes the design, manufacturing, and importation procedures of Wincor Nixdorf International GmbH's German facilities.  Due to the protracted nature of discovery under the Hague Convention, Nautilus Hyosung respectfully requests discovery of Wincor Nixdorf International GmbH in Germany to allow Nautilus Hyosung to gather relevant factual evidence within the schedule of the above-captioned investigation.  To the extent possible, Nautilus Hyosung will avoid requesting information that has been made available from Wincor Nixdorf International GmbH's American subsidiary.

Nautilus Hyosung seeks Wincor Nixdorf International GmbH's technical documents (e.g., service manuals, technical manuals, parts manuals, design documentation) sufficient to show the design, structure, function, implementation, and operation of specific features relevant to this investigation, such as Wincor's CCDM module.  Nautilus Hyosung also seeks documents relating to any communications between Wincor Nixdorf International GmbH (including any affiliates) and Diebold regarding any Diebold requests for new or custom features, specifications, or other feedback to be implemented in the Wincor CCDM.  Nautilus Hyosung also seeks any communications between Wincor Nixdorf International GmbH (including any affiliates) and Diebold relating to Nautilus Hyosung.

The scope of Nautilus Hyosung's subpoena is reasonable:  the documents requested from Wincor Nixdorf International GmbH are narrowly focused on information sufficient to enable Nautilus Hyosung to determine Diebold's direct, induced, and contributory infringement of the

Asserted Patents.  Nautilus Hyosung's requests are not unduly burdensome because they will not require an extensive production of documents or require extensive time.  Given the high relevance and importance of this information uniquely within Wincor Nixdorf International GmbH's possession, and the limited nature of the subpoena and documents sought, Nautilus Hyosung requests that this Motion be granted.

For the reasons set forth herein, Nautilus Hyosung respectfully requests that this Court grant this Motion, sign Nautilus Hyosung's proposed Letter of Request to the Central Authority of Germany, and return the signed Letter of Request with the Clerk of the Court's authentication of the Court's signature so that Nautilus Hyosung may transmit the Letter to the German Court for execution.

Respectfully submitted,

Dated:  June 10, 2016                    FISH & RICHARDSON P.C.

By:

Zachary Loney (#1029748)
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

*Counsel for Plaintiffs Nautilus Hyosung Inc.*
*and Nautilus Hyosung America Inc.*

<u>Address for Return of Issued Letter of Request</u>

Kevin C. Wheeler
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
Email: FRservice_NautilusHyosung-DieboldOffense@fr.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Nautilus Hyosung Inc. and Nautilus Hyosung America Inc. <br> Plaintiffs (Complainants) <br><br> v. <br><br> Diebold Incorporated and Diebold Self Service Systems <br> Defendants (Respondents). <br><br>--- <br><br> In the Matter of <br><br> CERTAIN AUTOMATED TELLER MACHINES, ATM MODULES, COMPONENTS THEREOF, AND PRODUCTS CONTAINING THE SAME, <br> Pending in the United States International Trade Commission; Inv. No. 337-TA-989 (Shaw, ALJ) | Miscellaneous Case No. _____ |

**[PROPOSED] ORDER GRANTING MOTION TO APPROVE REQUEST FOR**
**INTERNATIONAL JUDICIAL ASSISTANCE**

On this day came to be heard Parties Nautilus Hyosung Inc. and Nautilus Hyosung America Inc.'s (collectively, "Nautilus Hyosung" ) Motion to Approve Request for International Judicial Assistance in Procuring Evidence from Wincor Nixdorf International GmbH in Germany. After reviewing the motion, all responses, all evidence, and arguments of counsel, this court is of the opinion that the motion in all respects should be GRANTED.

SIGNED this ____ day of _____, 2016.

_____
United States District Judge
for the District of Columbia

# ATTACHMENT A

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, D.C. 20436**

**Before the Honorable Judge _____**
**Of the United States District Court**
**For the District of Columbia**

---

**In the Matter of**

**CERTAIN AUTOMATED TELLER**
**MACHINES, ATM MODULES,**
**COMPONENTS THEREOF, AND**
**PRODUCTS CONTAINING THE SAME**

**Investigation No. 337-TA-989**

---

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE**
**HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR**
**COMMERCIAL MATTERS (28 U.S.C. § 1782)**

To:     Die Präsidentin des Oberlandesgerichts Düsseldorf
        Cecilienallee 3
        40474 Düsseldorf
        Phone: +49 (211) 4971-0
        Fax: +49 (211) 4971-548
        e-mail: poststelle@olg-duesseldorf.nrw.de

From:   The Honorable _____
        United States District Court for the District of Columbia
        333 Constitution Ave., NW
        Washington, D.C. 20001, USA
        Phone: +1 (202) 354-3080

The United States District Court for the District of Columbia presents its compliments to

the Central Authority of the Germany, or other office as is appropriate, and requests international

judicial assistance to obtain evidence to be used in the above-captioned investigation

("Investigation").  It has been demonstrated to us that justice cannot completely be done amongst

the parties without the taking of evidence from Wincor Nixdorf International GmbH, which is

headquartered at Heinz-Nixdorf-Ring 1, 331106 Paderborn, Germany and within your

jurisdiction.  In conformity with Article 3 of the Hague Convention on the Taking of Evidence

Abroad in Civil or Commercial Matters (28 U.S.C. § 1782) ("the Hague Convention"), the

undersigned applicant has the honor to submit the following request:

| | |
|---|---|
| 1. Requesting Authority/Sender: | The Honorable _____<br>United States District Court for the District of Columbia<br>333 Constitution Ave., NW<br>Washington, DC 20001, USA<br>Phone: +1 (202) 354-3080 |
| 2. Central Authority of the Requested State: | Die Präsidentin des Oberlandesgerichts Düsseldorf<br>Cecilienallee 3<br>40474 Düsseldorf<br>tel.: +49 (211) 4971-0<br>fax: +49 (211) 4971-548<br>e-mail: poststelle@olg-duesseldorf.nrw.de |
| 3. Person to whom the executed request is to be returned: | Michael C. Tyler<br>Fish & Richardson PC<br>1425 K Street NW, 11th Floor<br>Washington, D.C. 20005<br>+1 (202) 783-5070 |
| 4. Specification of Date by which the Requesting Authority Requires Receipt of the Response to the Letter of Request: | A response is requested by July 6, 2016, or as soon as practicable before that date, in order to ensure the evidence may be obtained before the period for fact discovery concludes on that date and is available for use at trial on November 1, 2016. Expedient treatment of this request will allow the parties to arrange a mutually agreeable date for production and avoid disruption to the parties' schedules. |
| 5. In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following request: | |
| a. Requesting Judicial Authority: | United States District Court for the District of Columbia<br>333 Constitution Ave., NW<br>Washington, DC 20001, USA |
| b. To the Central Authority of: | Germany |
| Names of the case and any identifying number | In the Matter of Certain Automated Teller Machines, ATM Modules, Components thereof, and Prodcuts Containing the Same, Investigation No. 337-TA-989 |
| 6. Names and addresses of the parties and their representatives: | |

| a. Plaintiff | Nautilus Hyosung Inc.<br>281 Gwangpyeong-ro, Gangnam-Gu<br>Seoul, South Korea<br>Telephone: +82-2-6181-2114<br><br>Nautilus Hyosung America Inc.<br>6641 N. Beltline Road, Suite 100<br>Irving, TX 75061<br>Telephone: (972) 350-4122 |
|---|---|
| Representatives | Michael J. McKeon<br>Timothy W. Riffe<br>Kevin C. Wheeler<br>Joseph V. Colaianni<br>Michael C. Tyler<br>Thomas S. Fusco<br>Fish & Richardson P.C.<br>1425 K Street NW, Suite 1100<br>Washington, DC 20005<br>Tel: (202) 783-5070<br>Fax: (202) 783-2331 |
| b. Defendant | Diebold, Incorporated<br>5995 Mayfair Road<br>North Canton, OH 44 720<br>Telephone: (913) 397-8200<br><br>Diebold Self-Service Systems<br>5995 Mayfair Road<br>North Canton, OH 44720<br>Telephone: (913) 397-8200 |
| Representatives | Adam D. Swain<br>ALSTON&BIRD LLP<br>950 F Street NW<br>Washington, DC 20004<br>Telephone: (202) 239-3622<br>Facsimile: (202) 654-4842<br><br>Patrick J. Flinn<br>Keith E. Broyles<br>David S. Frist<br>Joshua M. Weeks<br>Leah W. Feinman<br>ALSTON&BIRD LLP<br>One Atlantic Center<br>Suite 4200<br>Atlanta, GA 30309-3424 |

| | Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777 |
|---|---|
| c. Other Parties | |
| Representatives | |
| 7. a<br>Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c)) | This is a proceeding being conducted by the United States International Trade Commission ("ITC") under Section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337). |
| b. Summary of complaint | The complaint filed by Nautilus Hyosung Inc. and Nautilus Hyosung America Inc. (collectively, "Nautilus Hyosung") on February 9, 2016 alleges infringement of U.S. Patents Nos. 7,891,551; 7,950,655; 8,152,165; 8,523,235 (the "Asserted Patents") by the following Respondents:<br><br>Diebold, Incorporated<br>5995 Mayfair Road<br>North Canton, OH 44 720<br>Telephone: (913) 397-8200<br><br>Diebold Self-Service Systems<br>5995 Mayfair Road<br>North Canton, OH 44720<br>Telephone: (913) 397-8200<br><br>The accused products of the Respondent are automated teller machines ("ATMs"), ATM modules, and ATM components and products containing the same.<br><br>The Commission instituted proceedings based on Nautilus Hyosung's complaint on March 9, 2016, and subsequently published notice of those proceedings in the Federal Register. On institution, the proceeding was transferred to Administrative Law Judge David P. Shaw, to preside over pretrial matters, conduct a trial, and issue an initial determination on the merits of the case. The initial determination of the Administrative Law Judge is subject to possible review by the Commission, with a right to appeal to the United States Court of Appeals for the Federal Circuit. |

| | In the Complaint, Nautilus Hyosung identifies infringing components manufactured by Wincor Nixdorf and incorporated into Diebold ATMs. Diebold admits that it imports and incorporates the accused Wincor Nixdorf components. |
|---|---|
| c. Summary of defense and counterclaim* | |
| d. Other necessary information or documents* | |
| 8. a.<br>Evidence to be obtained or other judicial act to be performed (Article 3, d)) | It is requested that the Central Authority of Germany order Wincor Nixdorf International GmbH to produce an accurate copy of all technical documents sufficient to show the design, structure, function, implementation, and operation of specific features relevant to this investigation, such as Wincor's CCDM module; documents relating to any communications between Wincor and Diebold regarding any Diebold requests for new or custom features, specifications, or other feedback to be implemented in the Wincor CCDM; and communications between Wincor and Diebold relating to Nautilus Hyosung. |
| b. Purpose of the evidence or judicial act sought | This Letter of Request is intended to obtain information particularly relevant to the infringing Wincor modules and components and allow Nautilus Hyosung to properly investigate Diebold's role in the direct, indirect, contributory, and/or induced infringement of the asserted patents. |
| 9. Identity and address of any person to be examined (Article 3, e))* | Wincor Nixdorf International GmbH<br>Heinz-Nixdorf-Ring 1, 331106<br>Paderborn, Germany |
| 10. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, f))* | N/A |
| 11. Documents or other property to be inspected (Article 3, g))* | 1.      Technical documentation relating to Wincor's CCDM sufficient to show its design, structure, function, implementation, and operation.<br><br>2.      Technical documentation relating to the incorporation and operation of Wincor's CCDM |

| | relating to Diebold ATMs or modules, including but not limited to the Diebold 7700, 7750, 7780, 7790, and 9900 series. |
|---|---|
| | 3.     Any Wincor reference designs, relating to the CCDM, shown to, provided to, or otherwise made available to Diebold, including any related software and/or documentation. |
| | 4.     All documents and correspondence evidencing communications between Wincor and Diebold relating to any Diebold request for specifications, new or custom features, or other feedback to be incorporated into the Wincor CCDM. |
| | 5.     All documents and correspondence evidencing communications between Wincor and Diebold that refer to Nautilus Hyosung, including with respect to Nautilus Hyosung's software and products. |
| | 6.     All documents and correspondence evidencing the sale, sale for importation, or importation into the United States of Wincor's CCDM module, by Wincor Nixdorf or its affiliates, partners, distributors, servicers, retailers, and/or resellers to Diebold. |
| | 7.     All documents and correspondence pertaining to the relationship between Wincor's CCDM module and Diebold's ActivMedia Module, including but not limited to Wincor's activities as an OEM supplier of CCDM and/or ActivMedia modules to Diebold. |
| | 8.     All information related to service and repair activities performed by Wincor Nixdorf on Wincor Nixdorf ATM modules incorporated into Diebold ATMs, ATM modules, or ATM components. |
| 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h))* | |

| | |
|---|---|
| 13. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3, i) and 9)* | |
| 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)* | |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)* | |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b))* | |
| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by* | **Nautilus Hyosung, Inc.**<br><br>c/o Michael C. Tyler<br>Fish & Richardson P.C.<br>1425 K Street NW, Suite 1100<br>Washington, DC 20005<br>Tel: (202) 783-5070<br>Fax: (202) 783-2331 |
| DATE OF REQUEST | |
| SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY: | _____<br>District Court Judge |
| Addendum: Categories of Documents to be Produced | |

## ADDENDUM

CATEGORIES OF DOCUMENTS TO BE PRODUCED BY WINCOR NIXDORF

INTERNATIONAL GMBH

1.      Technical documentation relating to Wincor's CCDM sufficient to show its design, structure, function, implementation, and operation.

2.      Technical documentation relating to the incorporation and operation of Wincor's CCDM relating to Diebold ATMs or modules, including but not limited to the Diebold 7700, 7750, 7780, 7790, and 9900 series.

3.      Any Wincor reference designs, relating to the CCDM, shown to, provided to, or otherwise made available to Diebold, including any related software and/or documentation.

4.      All documents and correspondence evidencing communications between Wincor and Diebold relating to any Diebold request for specifications, new or custom features, or other feedback to be incorporated into the Wincor CCDM.

5.      All documents and correspondence evidencing communications between Wincor and Diebold that refer to Nautilus Hyosung, including with respect to Nautilus Hyosung's software and products.

6.      All documents and correspondence evidencing the sale, sale for importation, or importation into the United States of Wincor's CCDM module, by Wincor Nixdorf or its affiliates, partners, distributors, servicers, retailers, and/or resellers to Diebold.

7.      All documents and correspondence pertaining to the relationship between Wincor's CCDM module and Diebold's ActivMedia Module, including but not limited to Wincor's activities as an OEM supplier of CCDM and/or ActivMedia modules to Diebold.

8.      All information related to service and repair activities performed by Wincor

Nixdorf on Wincor Nixdorf ATM modules incorporated into Diebold ATMs, ATM modules, or

ATM components.

# ATTACHMENT B

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C. 20436**

**Vor dem ehrenwerten** _____
**des United States District Court für den District of Columbia**

| | |
|---|---|
| **In Sachen** | |
| **BESTIMMTE GELDAUTOMATEN, ATM-MODULE, DEREN KOMPONENTEN UND PRODUKTE DIE SOLCHE ENTHALTEN** | **Ermittlung Nr. 337-TA-989** |

**INTERNATIONALES RECHTSHILFEERSUCHEN GEMÄSS HAAGER ÜBEREINKOMMEN ÜBER DIE BEWEISAUFNAHME IM AUSLAND IN ZIVIL- ODER HANDELSSACHEN (28 U.S.C. § 1782)**

An:     Die Präsidentin des Oberlandesgerichts Düsseldorf
Cecilienallee 3
40474 Düsseldorf
Tel.: +49 (211) 4971-0
Fax: +49 (211) 4971-548
E-Mail: poststelle@olg-duesseldorf.nrw.de

Abs.:   Der ehrenwerte _____
United States District Court für den District of Columbia
333 Constitution Ave., NW
Washington, D.C. 20001, USA
Tel.: +1 (202) 354-3080

Das United States District Court für den District of Columbia grüßt die Zentralbehörde

der Bundesrepublik Deutschland, oder ein anderes zuständiges Amt, und ersucht um

internationale Rechtshilfe zur Beweisaufnahme, die in der vorgenannten Ermittlung verwendet

werden soll („Ermittlung"). Es hat sich gezeigt, dass ohne Beweisaufnahme von Wincor Nixdorf

International GmbH mit Sitz in Heinz-Nixdorf-Ring 1, 331106 Paderborn, Deutschland, und

somit in Ihrem Zuständigkeitsbereich, eine Rechtsprechung unter den Parteien nicht vollständig

SEITE 1

erfolgen kann.  In Übereinstimmung mit Artikel 3 des Haager Übereinkommens über die

Beweisaufnahme im Ausland in Zivil- oder Handelssachen (28 U.S.C. § 1782) („Haager

Übereinkommen'), beehrt sich die ersuchende Stelle das folgende Ersuchen zu stellen:

| | |
|---|---|
| 1. Ersuchende Behörde/Absender: | Der ehrenwerte<br>_____<br>United States District Court für den District of Columbia<br>333 Constitution Ave., NW<br>Washington, DC 20001, USA<br>Tel.: +1 (202) 354-3080 |
| 2. Zentralbehörde des ersuchten Staates: | Die Präsidentin des Oberlandesgerichts Düsseldorf<br>Cecilienallee 3<br>40474 Düsseldorf<br>Tel.: +49 (211) 4971-0<br>Fax: +49 (211) 4971-548<br>E-Mail: poststelle@olg-duesseldorf.nrw.de |
| 3. Person an welche die Erledigungsakte zurückgesandt werden soll: | Mike Tyler<br>Fish & Richardson PC<br>1425 K Street NW, 11th Floor<br>Washington, D.C. 20005<br>+1 (202) 783-5070 |
| 4. Angabe des Datums bis zu welchem die ersuchende Behörde den Empfang der Antwort auf das Rechtshilfeersuchen benötigt: | Eine Antwort wird bis 6. Juli 2016 erbeten, oder sobald wie möglich vor diesem Datum, um sicherzustellen, dass die Beweismittel vor dem Ende der Frist zur Tatsachenermittlung an diesem Tag erhalten werden und bei der Verhandlung am 1. November 2016 zur Verfügung stehen. Eine zweckdienliche Behandlung dieses Ersuchens wird es den Parteien ermöglichen, einen einvernehmlichen Termin zur Vorlage zu vereinbaren und eine Unterbrechung der Terminpläne der Parteien zu verhindern. |
| 5. Die ersuchende Stelle beehrt sich nach Artikel 3 des Haager Übereinkommens das folgende Ersuchen zu stellen: | |
| a. Ersuchende Justizbehörde: | United States District Court für den District of Columbia<br>333 Constitution Ave., NW<br>Washington, DC 20001, USA |
| b. An die Zentralbehörde von: | Deutschland |

| Bezeichnung der Rechtssache und etwaige Identifikationsnummer | In der Rechtssache Bestimmte Geldautomaten ATM-Module, deren Komponenten und Produkte die solche enthalten, Ermittlung Nr. 337-TA-989 |
|---|---|
| 6. Name und Adresse der Parteien und ihrer Vertreter: | |
| a. Kläger | Nautilus Hyosung Inc.<br>281 Gwangpyeong-ro, Gangnam-Gu<br>Seoul, Südkorea<br>Telefon: +82-2-6181-2114<br><br>Nautilus Hyosung America Inc.<br>6641 N. Beltline Road, Suite 100<br>Irving, TX 75061<br>Telefon: (972) 350-4122 |
| Vertreten durch | Michael J. McKeon<br>Timothy W. Riffe<br>Kevin C. Wheeler<br>Joseph V. Colaianni<br>Michael C. Tyler<br>Thomas S. Fusco<br>Fish & Richardson P.C.<br>1425 K Street NW, Suite 1100<br>Washington, DC 20005<br>Tel.: (202) 783-5070<br>Fax: (202) 783-2331 |
| b. Beklagter | Diebold, Incorporated<br>5995 Mayfair Road<br>North Canton, OH 44720<br>Telefon: (913) 397-8200<br><br>Diebold Self-Service Systems<br>5995 Mayfair Road<br>North Canton, OH 44720<br>Telefon: (913) 397-8200 |
| Vertreten durch | Adam D. Swain<br>ALSTON&BIRD LLP<br>950 F Street NW<br>Washington, DC 20004<br>Telefon: (202) 239-3622<br>Fax: (202) 654-4842<br><br>Patrick J. Flinn<br>Keith E. Broyles<br>David S. Frist<br>Joshua M. Weeks<br>Leah W. Feinman |

| | |
|---|---|
| | ALSTON&BIRD LLP<br>One Atlantic Center<br>Suite 4200<br>Atlanta, GA 30309-3424<br>Telefon: (404) 881-7000<br>Fax: (404) 881-7777 |
| c. Andere Parteien | |
| Vertreten durch | |
| 7. a<br>Art der Rechtssache (Scheidung,<br>Vaterschaft, Vertragsbruch,<br>Produkthaftung, usw.) (Artikel 3, c)) | Dies ist eine Rechtssache, die durch die<br>United States International Trade Commission<br>(„ITC") unter Abschnitt 337 des Tariff Act von<br>1930 (19 U.S.C. § 1337) betrieben wird. |
| b. Zusammenfassung der Beschwerde | Die von Nautilus Hyosung Inc. und Nautilus<br>Hyosung America Inc. (gemeinsam „Nautilus<br>Hyosung") am 9. Februar 2016 eingereichte<br>Beschwerde wirft den folgenden Beklagten einen<br>Verstoß gegen die US-Patente mit den Nummern<br>7,891,551; 7,950,655; 8,152,165; 8,523,235 (die<br>„geltend gemachten Patente") vor:<br><br>Diebold, Incorporated<br>5995 Mayfair Road<br>North Canton, OH 44720<br>Telefon: (913) 397-8200<br><br>Diebold Self-Service Systems<br>5995 Mayfair Road<br>North Canton, OH 44720<br>Telefon: (913) 397-8200<br><br>Die beschuldigten Produkte des Beklagten sind<br>Geldautomaten („ATMs"), ATM-Module und<br>ATM-Komponenten und Produkte die solche<br>enthalten.<br><br>Die Kommission hat ein Verfahren eingeleitet auf<br>Grund der Beschwerde von Nautilus Hyosung<br>vom 9. März 2016 und dann eine<br>Bekanntmachung dieses Verfahrens in Federal<br>Register veröffentlicht. Nach der Einleitung<br>wurde das Verfahren an den Verwaltungsrichter<br>David P. Shaw übertragen, um den Vorsitz über<br>Vorverhandlungen zu haben, eine Verhandlung<br>zu führen, und über den entscheidungsfähigen<br>Sachverhalt eine anfängliche Bestimmung zu |

| | |
|---|---|
| | erteilen. Die anfängliche Bestimmung des Verwaltungsrichters ist vorbehaltlich einer möglichen Überprüfung durch die Kommission, mit dem Recht beim United States Court of Appeals für den Federal Circuit Berufung zu erheben.<br><br>In der Beschwerde identifiziert Nautilus Hyosung verletzende Komponenten, die von Wincor Nixdorf erzeugt werden und in Diebold ATMs integriert sind.  Diebold gesteht zu, die beschuldigten Wincor Nixdorf Komponenten einzuführen und zu integrieren. |
| c. Zusammenfassung der Verteidigung und Gegenklage* | |
| d. Andere notwendige Informationen oder Dokumente* | |
| 8. a.<br>Beweisaufnahme oder andere gerichtlichen Handlungen, die vorgenommen werden sollen (Artikel 3, d.) | Es wird ersucht, dass die Zentralbehörde Deutschlands der Wincor Nixdorf International GmbH anordnet, eine genaue Kopie aller für diese Ermittlung maßgeblichen technischen Dokumente bereitstellt, welche ausreichen, um Design, Aufbau, Funktion, Realisierung und Betrieb der besonderen Merkmale aufzeigen wie beispielsweise das Wincors CCDM Modul; Dokumente in Zusammenhang mit jeder Kommunikation zwischen Wincor und Diebold bezüglich jedweder Diebold Anfragen für neue oder kundenspezifische Merkmale, Spezifikationen oder Rückinformationen, die im Wincor CCDM realisiert werden sollen; und Kommunikationen zwischen Wincor und Diebold bezüglich Nautilus Hyosung. |
| b. Zweck der begehrten Beweisaufnahme oder gerichtlichen Handlung | Der Zweck dieses Rechtshilfeersuchens ist es, Informationen zu erhalten, die besonders maßgeblich bezüglich der verletzenden Wincor Module und Komponenten sind und es Nautilus Hyosung ermöglichen, Diebolds Rolle in der direkten, indirekten, beitragenden und/oder veranlassten Verletzung der geltend gemachten Patente zu ermitteln. |
| 9. Identität und Adresse der einzuvernehmenden Personen (Artikel 3, e))* | Wincor Nixdorf International GmbH<br>Heinz-Nixdorf-Ring 1, 331106<br>Paderborn, Deutschland |

| | |
|---|---|
| 10. Fragen, welche an die einzuvernehmenden Personen gerichtet werden sollen oder die Tatschen, über die sie einvernommen werden sollen (Artikel 3, f))* | N/A |
| 11. Dokumente oder andere Gegenstände, die geprüft werden sollen (Artikel 3, g))* | 1.      Technische Dokumente bezüglich Wincors CCDM, welche ausreichen, um Design, Aufbau, Funktion, Realisierung und Betrieb aufzuzeigen. <br><br>2.      Technische Dokumente bezüglich Integrierung und Betrieb von Wincors CCDM in Zusammenhang mit Diebold ATMs oder Modulen, einschließlich, jedoch nicht beschränkt auf die Diebold 7700, 7750, 7780, 7790, und 9900 Serien. <br><br>3.      Jedes Wincor-Referenzdesign in Zusammenhang mit CCDM, welches Diebold gezeigt, bereitgestellt oder auf andere Weise verfügbar gemacht worden ist, einschließlich aller damit in Zusammenhang stehenden Software und/oder Dokumentationen. <br><br>4.      Alle Dokumente und Korrespondenzen über Kommunikation zwischen Wincor und Diebold in Zusammenhang mit jeder Diebold Anfrage für im Wincor CCDM zu integrierenden Spezifikationen, neuen oder kundenspezifischen Merkmalen oder Rückinformationen. <br><br>5.      Alle Dokumente und Korrespondenzen über Kommunikation zwischen Wincor und Diebold, die sich auf Nautilus Hyosung beziehen, einschließlich jener bezüglich Software und Produkte von Nautilus Hyosung. <br><br>6.      Alle Dokumente und Korrespondenz über Verkauf, Verkauf für Einfuhr, oder Einfuhr in die Vereinigten Staaten des CCDM Moduls von Wincor durch Wincor Nixdorf oder ihrer verbundenen Unternehmen, Partnern, Distributoren, Dienstleister, Einzelhändler und / oder Wiederverkäufer an Diebold. |

| | |
|---|---|
| | 7.      Alle Dokumente und Korrespondenze in Bezug auf das Verhältnis zwischen dem CCDM Modul von Wincor und des ActivMedia Moduls von Diebold, einschließlich jedoch nicht beschränkt auf Wincors Aktivitäten als ein Erstausrüster von CCDM und/oder ActivMedia Modulen an Diebold.<br><br>8.      Alle Information in Bezug auf Service- und Reparaturhandlungen durch Wincor Nixdorf an Wincor Nixdorf ATM-Modulen integriert in Diebold ATMs, ATM-Modulen, oder ATM-Komponenten. |
| 12. Antrag, die Einvernahme unter Eid oder Bekräftigung durchzuführen und gegebenenfalls die dabei verwendete Form (Artikel 3, h))* | |
| 13. Antrag eine besondere Form einzuhalten (z.B. mündlich oder schriftlich, wörtlich, Protokoll oder Zusammenfassung, Kreuzverhör, usw.) (Artikel 3, i) und 9)* | |
| 14. Verlangte Benachrichtigung von Zeitpunkt und Ort der Erledigung des Ersuchens, und Identität und Adresse der zu benachrichtigenden Personen (Artikel 7)* | |
| 15. Antrag auf Anwesenheit der ersuchenden Behörde bei der Erledigung des Ersuchens (Artikel 8)* | |
| 16. Vermerk, dass nach dem Recht des ersuchenden Staates ein Aussage-Verweigerungsrecht oder Aussageverbot vorgesehen ist (Artikel 11, b))* | |
| 17. Gebühren und Auslagen für welche gemäß Artikel 14 Abs. 2 oder gemäß Artikel 26 des Übereinkommens verlangt werden darf, werden bezahlt von* | **Nautilus Hyosung Inc.**<br><br>c/o Michael C. Tyler<br>Fish & Richardson P.C.<br>1425 K Street NW, Suite 1100<br>Washington, DC 20005<br>Tel.: (202) 783-5070<br>Fax: (202) 783-2331 |
| DATUM DES ERSUCHENS | |

| UNTERSCHRIFT UND STEMPEL DER ERSUCHENDEN BEHÖRDE: | _____ |
|---|---|
| | Richter am District Court |
| Anlage: Kategorien der vorzulegenden Dokumente | |

## ANLAGE

### KATEGORIEN DER VON WINCOR NIXDORF INTERNATIONAL GMBH VORZULEGENDEN DOKUMENTE

1.      Technische Dokumente bezüglich des Wincor CCDM Moduls, welche ausreichen, um Design, Aufbau, Funktion, Realisierung und Betrieb aufzuzeigen.

2.      Technische Dokumente bezüglich Integrierung und Betrieb von Wincors CCDM in Zusammenhang mit Diebold ATMs oder Modulen, einschließlich, jedoch nicht beschränkt auf Diebold 7700, 7750, 7780, 7790, und 9900 Serien.

3.      Jedes Wincor-Referenzdesign in Zusammenhang mit CCDM, welches Diebold gezeigt, bereitgestellt oder auf andere Weise verfügbar gemacht worden ist, einschließlich aller damit in Zusammenhang stehenden Software und/oder Dokumentationen.

4.      Alle Dokumente und Korrespondenzen über Kommunikation zwischen Wincor und Diebold in Zusammenhang mit jeder Diebold Anfrage für im Wincor CCDM zu integrierenden Spezifikationen, neuen oder kundenspezifischen Merkmalen oder Rückinformationen.

5.      Alle Dokumente und Korrespondenzen über Kommunikation zwischen Wincor und Diebold, die sich auf Nautilus Hyosung beziehen, einschließlich jener bezüglich Software und Produkte von Nautilus Hyosung.

6.      Alle Dokumente und Korrespondenz über Verkauf, Verkauf für Einfuhr, oder Einfuhr in die Vereinigten Staaten des CCDM Moduls von Wincor durch Wincor Nixdorf oder

ihrer verbundenen Unternehmen, Partnern, Distributoren, Dienstleister, Einzelhändler und / oder Wiederverkäufer an Diebold.

7. Alle Dokumente und Korrespondenzen in Bezug auf das Verhältnis zwischen dem CCDM Modul von Wincor und der ActivMedia Module von Diebold, einschließlich jedoch nicht beschränkt auf Wincors Aktivitäten als ein Erstausrüster von CCDM und/oder ActivMedia Modulen an Diebold.

8. Alle Information in Bezug auf Service- und Reparaturhandlungen durch Wincor Nixdorf an Wincor Nixdorf ATM-Modulen integriert in Diebold ATMs, ATM-Modulen, oder ATM-Komponenten.

# ATTACHMENT C

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**

In the Matter of

**CERTAIN AUTOMATED TELLER**
**MACHINES, ATM MODULES,**
**COMPONENTS THEREOF, AND**
**PRODUCTS CONTAINING THE SAME**

Inv. No. 337-TA-989

## Order No. 1: PROTECTIVE ORDER

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. 210.5;

IT IS HEREBY ORDERED THAT:

1. Confidential business information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the

information was obtained, unless the Commission is required by law to disclose such information.

2. (a) Any information submitted, in prehearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. During the prehearing phase of this investigation, such information whether submitted in writing or in oral testimony shall be disclosed only *in camera* before the Commission or the administrative law judge.

(b) The administrative law judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein. If such a determination is made by the administrative law judge or the Commission, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3. In the absence of written permission from the supplier or an order by the Commission or the administrative law judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel for parties to this investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such

2

documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of certain automated teller machines, ATM modules, components thereof, and products containing the same, which are the subject of this investigation); (iv) the Commission, the administrative law judge, the Commission staff, and personnel of any governmental agency as authorized by the Commission; and (v) the Commission, its employees, and contract personnel who are acting in the capacity of Commission employees, for developing or maintaining the records of this investigation or related proceedings for which this information is submitted, or in internal audits and investigations relating to the programs and operations of the Commission pursuant to 5 U.S.C. Appendix 3.[1]

4. Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(i) and (iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the Secretary of this Commission: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this investigation.

5. If the Commission or the administrative law judge orders, or if the supplier and all parties to the investigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the

---

[1] *See* Commission Administrative Order 97-06 (Feb. 4, 1997).

conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Commission or the administrative law judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

6. Any confidential business information submitted to the Commission or the administrative law judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

7. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the administrative law judge rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

4

8.  The Commission, the administrative law judge, and the Commission investigative attorney acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5 U.S.C. § 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the Commission or its Freedom of Information Act Officer, or the administrative law judge.

9.  Unless a designation of confidentiality has been withdrawn, or a determination has been made by the Commission or the administrative law judge that information designated as confidential, is no longer confidential, the Commission, the administrative law judge, and the Commission investigative attorney shall take all necessary and proper steps to preserve the confidentiality of, and to protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above, including, without limitation:  (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the substance of or access of such confidential business information, other than those authorized pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and (ii) any proposal to declassify or make public any such confidential business information; and (b) providing the supplier at least seven days after receipt of such inquiry or request within which to take action before the Commission, its Freedom of Information Act Officer, or the administrative law judge, or otherwise to preserve the confidentiality of and to protect its rights in, and to, such confidential business information.

10.  If while an investigation is before the administrative law judge, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2, disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject

5

information proffered within the context of this order. If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the investigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the administrative law judge. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the administrative law judge who will rule upon the matter. The administrative law judge may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11. No less than 10 days (or any other period of time designated by the administrative law judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the administrative law judge for a ruling. If the investigation is before the Commission the matter shall be submitted to the Commission for resolution. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Commission or the administrative law judge. The terms of this paragraph shall be inapplicable

6

to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the administrative law judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13. Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the administrative law judge concerning the issue of the status of confidential business information.

14. Upon final termination of this investigation, each party that is subject to this order shall assemble and return to the supplier all items containing confidential business information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Commission, including its investigative attorney, and the administrative law judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy those additional copies in its possession which it regards as surplusage.

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15.  If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16.  Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17.  The Secretary shall serve a copy of this order upon all parties.

David P. Shaw
Administrative Law Judge

Issued: March 15, 2016

8

**Attachment A**

## NONDISCLOSURE AGREEMENT FOR
## REPORTER/STENOGRAPHER/TRANSLATOR


I, _____, do solemnly swear or affirm that I will not divulge any

information communicated to me in any confidential portion of the investigation or hearing

in *Certain Automated Teller Machines, ATM Modules, Components Thereof, and Products

Containing the Same*, 337-TA-989, except as permitted in the protective order issued in

this case.  I will not directly or indirectly use, or allow the use of such information for any

purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to

any person reveal the nature or content of any information communicated during any

confidential portion of the investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the

participants in said investigation.

I am aware that the unauthorized use or conveyance of information as specified

above is a violation of the Federal Criminal Code and punishable by a fine of up to

$10,000, imprisonment of up to ten (10) years, or both.


Signed _____

Dated _____

Firm or affiliation _____

**CERTAIN AUTOMATED TELLER MACHINES, ATM MODULES, COMPONENTS THEREOF, AND PRODUCTS CONTAINING THE SAME**

INV. NO. 337-TA-989

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **Order No. 1** has been served upon the following parties as indicated, on **MAR 1 5 2016**

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street SW, Room 112A
Washington, DC 20436

| FOR COMPLAINANTS NAUTILUS HYOSUNG INC. AND NAUTILUS HYOSUNG AMERICA INC.: | |
|---|---|
| Michael J. McKeon, Esq.<br>**FISH & RICHARDSON P.C.**<br>1425 K Street, NW<br>11th Floor<br>Washington, DC 20005 | ( ) Via Hand Delivery<br>( ) Express Delivery<br>(✓) Via First Class Mail<br>( ) Other: _____ |
| **RESPONDENT:** | |
| Diebold, Incorporated<br>5995 Mayfair Road<br>North Canton, OH 44720 | ( ) Via Hand Delivery<br>( ) Express Delivery<br>(✓) Via First Class Mail<br>( ) Other: _____ |
| **RESPONDENT:** | |
| Diebold Self-Service Systems<br>5995 Mayfair Road<br>North Canton, OH 44720 | ( ) Via Hand Delivery<br>( ) Express Delivery<br>(✓) Via First Class Mail<br>( ) Other: _____ |

# ATTACHMENT D

**UNITED STATES INTERNATIONAL TRADE COMMISSION**

**Washington, D.C.**

In Sachen

**BESTIMMTER GELDAUTOMATEN, ATM-**

**MODULE, DEREN KOMPONENTEN UND**

**PRODUKTE DIE SOLCHE ENTHALTEN**

**Ermittlung Nr. 337-TA-989**

**Anordnung Nr. 1: SCHUTZANORDNUNG**

IN ERWÄGUNG, DASS Dokumente und Informationen, die Materialien enthalten, die sich auf

Handelsgeheimnisse und andere vertrauliche Forschungs-, Entwicklungs- oder Geschäftsinformationen

gemäß der Verwendung dieser Begriffe in den Vorschriften des Ausschusses, 19 C. F. R.

[Bundesgesetzbuch], beziehen, durch die und von den Parteien des oben genannten Verfahrens

eingeholt, erstellt oder eingereicht werden können,

WIRD HIERMIT FOLGENDES ANGEORDNET:

1. Vertrauliche Geschäftsinformationen sind Informationen, die noch nicht der Öffentlichkeit

zugänglich gemacht worden sind und die sich auf Handelsgeheimnisse, Prozesse, Abläufe, Arbeitsweise

oder Ausrüstung oder auf die Produktion, Verkäufe, Lieferungen, Einkäufe, Transfers,

Kundenidentifikation, Bestände, Einkommenshöhen oder -quellen, Gewinne, Verluste oder Ausgaben

einer Person, Firma, Partnerschaft, Gesellschaft oder anderen Organisation beziehen, oder andere

Informationen mit einem wirtschaftlichen Wert, deren Offenlegung bewirken könnte, dass entweder (i)

die Möglichkeit der Kommission beeinträchtigt wird, solche Informationen zu erhalten, die zur Erfüllung

seiner gesetzlich vorgegebenen Funktion notwendig sind, oder (ii) die Wettbewerbsposition der Person,

Firma, Partnerschaft, Gesellschaft oder anderen Organisation, von der die Informationen stammen,

erheblichen Schaden erleidet, es sei denn, die Kommission ist gesetzlich verpflichtet, solche

Informationen offenzulegen.

2. (a) Informationen, die im Rahmen eines Beweis-Vorverfahrens oder im Rahmen eines Plädoyers, eines Antrags oder einer Antwort auf einen Antrag entweder freiwillig oder aufgrund einer Anordnung in dieser Ermittlung eingereicht werden, von denen der Aussteller behauptet, dass sie vertrauliche Geschäftsinformationen beinhalten oder darstellen, sind von einem solchen Aussteller schriftlich oder mündlich durch eine eidesstaatliche Aussage, Sitzung oder Anhörung, als solche zu bezeichnen und sollen von anderen eingereichten Informationen getrennt werden. Dokumente sind auf ihrer Vorderseite deutlich und auffallend mit folgender Aufschrift zu kennzeichnen: „[Name des Ausstellers] VERTRAULICHE GESCHÄFTSINFORMATIONEN, DIE EINER GERICHTLICH ANGEORDNETEN GEHEIMHALTUNG UNTERLIEGEN" oder einem vergleichbaren Hinweis. Während der Vorverhandlungsphase dieser Ermittlung sind solche Informationen, unabhängig davon, ob sie schriftlich oder im Rahmen einer mündlichen Aussage eingereicht werden, gemäß den Bestimmungen dieser Schutzanordnung nur unter Ausschluss der Öffentlichkeit vor der Kommission oder dem Verwaltungsrichter zu offenbaren.

(b) Der Verwaltungsrichter oder die Kommission können bestimmen, dass Informationen, von denen behauptet wird, dass sie vertraulich sind, nicht vertraulich sind, oder dass deren Offenlegung vor, während oder nach dem Ende einer Anhörung für eine vorschriftsgemäße Regelung des Verfahrens notwendig ist. Wird eine solche Bestimmung durch den Verwaltungsrichter oder die Kommission getroffen, wird dem Aussteller solcher Informationen Gelegenheit gegeben, Argumente für deren Vertraulichkeit vorzubringen, bevor ein solcher Beschluss ergeht.

3. Liegt keine schriftliche Erlaubnis seitens des Ausstellers und auch keine Anordnung der Kommission oder des Verwaltungsrichters vor, dürfen gemäß den Bestimmungen des oben angeführten Absatz 2 eingereichte vertrauliche Dokumente oder Geschäftsinformationen keiner Person offengelegt werden, ausgenommen: (i) externen Rechtsberatern für an dieser Ermittlung beteiligte Parteien, einschließlich benötigte(s) Sekretariatspersonal und Hilfskräfte, die solche Rechtsberater unterstützen;

2

(ii) qualifizierten Personen, die Aussagen aufnehmen, deren Inhalt sich auf solche Dokumente oder Informationen bezieht, und deren benötigtem Stenografie- und Büropersonal; (iii) technischen Sachverständigen und deren Mitarbeitern, die für Zwecke dieses Verfahrens eingeschaltet werden (es sei denn, sie sind anderweitig für eine nichtstaatliche Partei tätig sind oder beraten diese oder sind auf andere Weise mit diesen verbunden, oder sie sind Angestellte eines in- oder ausländischen Herstellers, Großhändlers, Einzelhändlers oder Vertreibers bestimmter Geldautomaten, ATM-Modulen, deren Komponenten oder Produkte, die solche enthalten, die Gegenstand dieser Ermittlung sind); (iv) der Kommission, dem Verwaltungsrichter, den Mitarbeitern der Kommission und Personal von Regierungsbehörden, das durch die Kommission autorisiert wurde; und (v) der Kommission, ihren Angestellten und Vertragspersonal, das in der Eigenschaft als Mitarbeiter der Kommission handelt, um die Aufzeichnungen zu dieser Ermittlung oder zu damit verbundenen Verfahren, für die diese Informationen eingereicht werden, anzulegen oder zu pflegen, oder um sie in internen Audits und Ermittlungen hinsichtlich der Programme und Verfahrensweisen der Kommission gemäß 5 U.S.C. Anlage 3 zu pflegen oder anzulegen.[1]

4. Gemäß den Bestimmungen des oben angeführten Absatz 2 eingereichte vertrauliche Geschäftsinformationen dürfen keiner in Absatz 3 (i) und (iii) bezeichneten Person offengelegt werden, es sei denn, er oder sie hat vorab diese Anordnung gelesen und hat sich in einem beim Sekretariat der Kommission eingereichten Schreiben einverstanden erklärt: (i) an die Bestimmungen dieser Anordnung gebunden zu sein; (ii) solche vertraulichen Geschäftsinformationen außer den in Absatz 3 bezeichneten Personen niemandem offenzulegen; und (iii) solche vertraulichen Geschäftsinformationen ausschließlich für die Zwecke dieser Ermittlung zu verwenden.

5. Wenn die Kommission oder der Verwaltungsrichter anordnet, oder wenn der Aussteller und alle Parteien der Ermittlung sich einverstanden erklären, dass Personen, die nicht in Absatz 3 oben

---

[1] Siehe Administrative Anordnung der Kommission 97-06 (4. Feb. 1997).

aufgeführt sind, Zugang zu den als vertrauliche Geschäftsinformationen eingereichten Informationen erhalten sollen oder sie diesen weitergeleitet werden sollen, dürfen solche Inhalte solchen Personen ausschließlich auf der Grundlage der Bedingungen und der Verpflichtungen im Rahmen dieser Anordnung zugänglich gemacht oder weitergeleitet werden, und es wird dann davon ausgegangen, dass solche Personen dieser Anordnung unterliegen, es sei denn, die Kommission oder der Verwaltungsrichter stellt fest, dass die Informationen keine vertraulichen Geschäftsinformationen im Sinne der Definition in Absatz 1 dieser Anordnung sind.

6. Alle vertraulichen Geschäftsinformationen, die der Kommission oder dem Verwaltungsrichter in Verbindung mit einem Antrag oder einem anderen Verfahren im Rahmen dieser Ermittlung vorgelegt werden, sind gemäß o.a. Absatz 2 versiegelt einzureichen. Gemäß o.a. Absatz 2 eingereichte Teile von Mitschriften in Verbindung mit dieser Ermittlung, die vertrauliche Geschäftsinformationen enthalten, sind separat zusammenzufassen und versiegelt einzureichen. Enthalten autorisierte Mitschriften einer eidesstaatlichen Aussage oder dazugehörige Beweisstücke gemäß o.a. Absatz 2 eingereichte vertrauliche Geschäftsinformationen, sind Vorkehrungen zusammen mit dem Gerichtsberichterstatter, der die eidesstaatliche Aussage aufnimmt, zu treffen, um solche vertraulichen Teile zusammenzufassen und separat mit der Aufschrift „[Name des Ausstellers] VERTRAULICHE GESCHÄFTSINFORMATIONEN, DIE EINER GERICHTLICH ANGEORDNETEN GEHEIMHALTUNG UNTERLIEGEN" zu kennzeichnen. Bevor ein Gerichtsberichterstatter solche Informationen erhält, muss er oder sie vorab diese Anordnung lesen und schriftlich erklären, dass er oder sie an die Bedingungen dieser Anordnung gebunden ist. Alternativ dazu kann er oder sie die Vereinbarung unterzeichnen, die als Anlage A dieser Anordnung beigefügt ist. Kopien solcher unterzeichneten Vereinbarungen sind dem Aussteller solcher vertraulichen Geschäftsinformationen und dem Sekretariat der Kommission zu übermitteln.

7. Die Beschränkungen und Verpflichtungen, die Personen obliegen, für die diese Anordnung Geltung erlangt, gelten nicht für gemäß o.a. Absatz 2 eingereichte Informationen, bei denen die Person,

die die Vertraulichkeit dieser Informationen geltend macht, schriftlich zustimmt, oder bei denen die

Kommission oder der Verwaltungsrichter anordnet, nachdem Gelegenheit zur Anhörung eingeräumt

wurde, dass sie zum Zeitpunkt der Einreichung bei der empfangenden Partei öffentlich bekannt war

oder in der Zwischenzeit öffentlich bekannt wurde, ohne dass ein Fehlverhalten der empfangenden

Partei hierfür vorliegt.

8. Die Kommission, der Verwaltungsrichter und die von der Kommission mit der Ermittlung

betraute Rechtsanwalt erkennen an, dass alle gemäß o.a. Absatz 2 als vertrauliche

Geschäftsinformationen eingereichten Dokumente und Informationen im Sinne von 5 U.S.C. § 552 (b) (4)

und 18 U.S.C. § 1905 als solche zu behandeln sind, vorbehaltlich einer anderslautenden Entscheidung,

nach Anhörung, durch die Kommission oder ihren Beauftragten für den Freedom of Information Act

(Gesetz zur Informationsfreiheit) oder den Verwaltungsrichter.

9. Sofern nicht eine Benennung der Vertraulichkeit zurückgenommen wurde, oder durch die

Kommission oder den Verwaltungsrichter festgestellt wurde, dass Information, die als vertraulich

bezeichnet war, nicht länger vertraulich ist, werden die Kommission, der Verwaltungsrichter und der

ermittelnde Anwalt der Kommission alle notwendigen und angemessenen Schritte unternehmen, die

Vertraulichkeit jedes Ausstellers zu wahren, sowie deren Rechte zu schützen, und zwar in Hinsicht auf

jegliche vertrauliche Geschäftsinformation, die durch den Aussteller gemäß o.a. Absatz 2 so bezeichnet

ist, und zwar einschließlich der folgenden und ohne Einschränkung: (a) den Aussteller umgehend in

Kenntnis darüber setzen, wenn (i) eine beliebige Anfrage oder Bitte durch eine beliebige Person

bezüglich des Inhalts von oder Zugriff auf solche vertraulichen Geschäftsinformationen erfolgt ist, die

nicht gemäß dieser Weisung autorisiert ist, oder durch den Freedom of Information Act (Gesetz zur

Informationsfreiheit), in der jeweils gültigen Fassung (5 U.S.C. § 552), und wenn (ii) ein beliebiger

Vorschlag, solche vertraulichen Geschäftsinformationen frei zu geben oder zu veröffentlichen, erfolgt;

und (b) dem Aussteller mindestens sieben Tage ab Erhalt solcher Anfragen oder Bitten zuzugestehen,

während der er Schritte ergreifen kann vor der Kommission, dem Beauftragten für den Freedom of

Information Act oder dem Verwaltungsrichter, oder um anderweitig die Vertraulichkeit zu wahren und

seine Rechte an und auf solche vertraulichen Geschäftsinformationen zu schützen.

10. Für den Fall, dass, während eine Ermittlung vor dem Verwaltungsrichter liegt, eine Partei

unter dieser Anordnung, die ein Empfänger beliebiger Geschäftsinformationen sein soll, die als

vertraulich klassifiziert und gemäß Absatz 2 eingereicht ist, bezüglich einer solchen Benennung sich ganz

oder teilweise nicht einverstanden erklärt, muss sie den Aussteller schriftlich darüber in Kenntnis setzen,

und sie werden dann Rücksprache halten bezüglich des Status der Fachinformation, die im

Zusammenhang mit dieser Verfügung dargereicht wird. Für den Fall, dass vor dem oder zum Zeitpunkt

einer solchen Konferenz, der Aussteller seine Benennung solcher Informationen im Zusammenhang mit

dieser Anordnung zurückzieht, aber dennoch solche Informationen zum Zwecke der Ermittlung

einreicht, muss der Aussteller die Zurücknahme schriftlich ausdrücken und diese Zurücknahme allen

Parteien und dem Verwaltungsrichter vorlegen. Falls der Empfänger und der Aussteller sich nicht einigen

können bezüglich des Status der Fachinformation, die als vertrauliche Geschäftsinformation eingereicht

ist, und zwar innerhalb von zehn Tagen ab dem Datum der Kenntnisnahme einer solchen

Nichtübereinstimmung, dann kann jede Partei dieser Verfügung den Sachverhalt der Benennung eines

solchen Status dem Verwaltungsrichter vorlegen, der in dieser Angelegenheit entscheiden wird. Der

Verwaltungsrichter kann nach eigenem Ermessen die Benennung des Vertraulichkeitsstatus jeder

beliebigen Information in Frage stellen und, nach einer Gelegenheit für eine Anhörung, die

Vertraulichkeitsbenennung aufheben.

11. Mindestens zehn Tage (oder einem beliebigen anderen durch den Verwaltungsrichter

bestimmten Zeitraum) vor der Offenlegung jeglicher beliebiger vertraulicher Information gegenüber

einem vorgeschlagenen Sachverständigen, wie gemäß Abschnitt 2 eingereicht, muss die Partei, die die

Zuhilfenahme eines solchen vorgeschlagen hat, schriftlich den Namen des oder der vorgeschlagenen

Sachverständigen, sowie seinen oder ihren schulischen und detaillierten beruflichen Lebenslauf, dem Aussteller vorlegen. Falls der Aussteller damit nicht einverstanden ist, solche vertrauliche Geschäftsinformation einem oder einer solchen vorgeschlagenen Sachverständigen gegenüber offenzulegen, weil dies nicht mit den Worten oder der Absicht dieser Anordnung übereinstimmt, oder aus anderen Gründen, muss er den Empfänger schriftlich von seinem Widerspruch und den Gründen dafür vor der ersten Offenlegung in Kenntnis setzen. Wenn die Streitsache nicht auf informeller Basis innerhalb von zehn Tagen nach Erhalt einer solchen Mitteilung des Widerspruchs beigelegt wird, muss der Aussteller unverzüglich jeden Widerspruch dem Verwaltungsrichter für einen Entscheid vorlegen. Falls die Ermittlung vor der Kommission liegt, muss die Angelegenheit der Kommission zur Lösung übergeben werden. Die Vorlegung solcher vertraulicher Geschäftsinformation gegenüber einem oder einer vorgeschlagenen Sachverständigen muss zurückgehalten werden, solange kein Entscheid von der Kommission oder dem Verwaltungsrichter vorliegt. Die Bedingungen dieses Abschnitts sind nicht zutreffend für Sachverständige innerhalb der Kommission, oder für Sachverständige anderer Regierungsstellen, mit denen sich die Kommission berät, oder die von der Kommission genutzt werden.

12. Werden gemäß Absatz 2 vorgelegte vertrauliche Geschäftsinformationen an eine Person offenbart und geschieht dies nicht auf die mit dieser Schutzanordnung genehmigte Art und Weise, hat die Partei, die für die Offenlegung verantwortlich ist, dem Aussteller und dem Verwaltungsrichter unverzüglich alle zur Offenlegung sachdienlichen Tatsachen zur Kenntnis zu bringen und hat, ungeachtet anderer Rechte und Abhilfen des Ausstellers, alle Anstrengungen zu unternehmen, um eine weitere Offenlegung durch sie oder den Empfänger der gegenständlichen Informationen zu verhindern.

13. Durch nichts in dieser Anordnung wird das Recht von Personen eingeschränkt, eine gerichtliche Überprüfung zu beantragen oder sonstige angemessene gerichtliche Schritte in Bezug auf Entscheidungen der Kommission, ihres Informationsfreiheitsbeauftragten oder des Verwaltungsrichters über den Status vertraulicher Geschäftsinformationen zu unternehmen.

14.     Nach der abschließenden Beendigung dieser Ermittlung hat jede Partei, die dieser Anordnung unterliegt, alle Materialien die gemäß o.a. Absatz 2 vorgelegte vertrauliche Geschäftsinformationen enthalten, einschließlich aller davon angefertigten Kopien zusammenzustellen und an den Aussteller zurückzugeben. Alternativ können die Parteien, die dieser Anordnung unterliegen, mit schriftlicher Zustimmung des Ausstellers alle Materialien, die vertrauliche Geschäftsinformationen beinhalten, vernichten und dem Aussteller (oder seinem Anwalt) die vorgenommene Vernichtung bestätigen. Dieser Absatz gilt nicht für die Kommission, einschließlich ihres die Ermittlung durchführenden Anwalts, und den Verwaltungsrichter, die Unterlagen dieser Art gemäß den gesetzlichen Anforderungen und zu sonstigen Dokumentationszwecken aufbewahren, jedoch zusätzliche Kopien in ihrem Besitz, die sie als überschüssig erachten, vernichten können.

Ungeachtet des vorstehenden Absatzes können vertrauliche Geschäftsinformationen gemäß Regel 210.5 (c) der Kommission an ein Bezirksgericht übermittelt werden.

15. Werden vertrauliche Geschäftsinformationen, die gemäß o.a. Absatz 2 zur Verfügung gestellt werden, von jemandem vorgelegt, der nicht Partei dieser Ermittlung ist, so gilt diese nicht beteiligte Partei als „Aussteller" im Sinne dieser Anordnung.

16. Jeder Aussteller, der nicht Partei ist, erhält von der Partei, die Informationen vom betroffenen Aussteller anfordert, eine Kopie dieser Anordnung.

17. Das Sekretariat hat allen Parteien eine Kopie dieser Anordnung zuzustellen.

[Unterschrift]

David P. Shaw
Verwaltungsrichter

Ausgabedatum: 15. März 2016

**Anlage A**

**VERTRAULICHKEITSERKLÄRUNG FÜR
PROTOKOLLFÜHRER/STENOGRAFEN/ÜBERSETZER**

Ich, _____, schwöre oder erkläre feierlich, dass ich keine Informationen weitergeben

werde, die mir im Rahmen vertraulicher Abschnitte der Ermittlung oder Verhandlung in der Sache

*Bestimmte Geldautomaten, ATM-Module, deren Komponenten und Produkte die solche enthalten*,

Ermittlung Nr. 337-TA-989, zur Kenntnis kommen, sofern dies nicht durch die im vorliegenden Fall

erlassene Schutzanordnung gestattet ist. Ich werde diese Informationen außer direkt in Verbindung mit

meinen offiziellen Pflichten im vorliegenden Fall weder direkt noch indirekt für irgendwelche Zwecke

verwenden oder verwenden lassen.

Darüber hinaus werde ich nicht durch direkte Handlungen, Gespräche, Empfehlungen oder

Vorschläge anderen Personen gegenüber die Art oder den Inhalt von Informationen offenlegen, die mir

im Rahmen vertraulicher Abschnitte der Ermittlung oder Verhandlung in dieser Sache zur Kenntnis

kommen.

Ich bestätige ferner, dass ich keine Position bei einer der in der genannten Ermittlung beteiligten

Parteien innehabe oder eine offizielle Verbindung mit einer solchen unterhalte.

Ich bin mir bewusst, dass die unbefugte Nutzung oder Übertragung von Informationen gemäß

obiger Festlegung einen Verstoß gegen den Federal Criminal Code (Strafgesetzbuch) darstellt und mit

einer Geldstrafe von bis zu USD 10.000, einer Gefängnisstrafe bis zu zehn (10) Jahren oder beidem

geahndet werden kann.


Unterschrift _____

Datum _____

Firma oder Niederlassung _____

**BESTIMMTE GELDAUTOMATEN, ATM-MODULE, DEREN KOMPONENTEN UND PRODUKTE DIE SOLCHE ENTHALTEN**

**ERMITTLUNG NR. 337-TA-989**

## ÖFFENTLICHE ZUSTELLUNGSBESCHEINIGUNG

Ich, Lisa R. Barton, bescheinige hiermit, dass die beigefügte Anordnung Nr. 1 den folgenden Parteien wie angeführt am 15. MÄRZ 2016 zugestellt wurde.

[Unterschrift]
Lisa R. Barton, Sekretariat
U.S. International Trade Commission
500 E Street SW, Room 112A
Washington, DC 20436

| FÜR DIE BESCHWERDEFÜHRER NAUTILUS HYOSUNG INC. UND NAUTILUS HYOSUNG AMERICA INC.: | |
| --- | --- |
| Michael J. McKeon, Esq.<br>**FISH & RICHARDSON P.C.**<br>1425 K Street, NW<br>11th Floor<br>Washington, DC 20005 | ( ) Persönliche Zustellung<br>( ) Express-Zustellung<br>(x ) Per Post<br>( ) Sonstige Zustellung:_____ |
| **BEKLAGTE PARTEI:** | |
| Diebold, Incorporated<br>5995 Mayfair Road<br>North Canton, OH 44720 | ( ) Persönliche Zustellung<br>( ) Express-Zustellung<br>(x ) Per Post<br>( ) Sonstige Zustellung:_____ |
| **BEKLAGTE PARTEI:** | |
| Diebold Self-Service Systems<br>5995 Mayfair Road<br>North Canton, OH 44720 | ( ) Persönliche Zustellung<br>( ) Express-Zustellung<br>(x ) Per Post<br>( ) Sonstige Zustellung:_____ |

# ATTACHMENT E

**Forefront Corporation**



**A
World Of
Languages**

## AFFIDAVIT FOR TRANSLATOR

We hereby declare that:

Our associate translator, _ELKE  KRAMER_, who completed this translation from _ENGLISH_ into _GERMAN_ is competent to translate _ENGLISH_ documents into _GERMAN_ and vice versa, and has accurately, authentically, and carefully translated the attached copy of the original document from the _ENGLISH_ language into the _GERMAN_ language to the best of her / his knowledge and ability.

_(signature)_

Elke Kramer, Founder and President

Forefront Corporation
A Full Service Language Company since 1997
1516 Normandy Road, Suite 100
Ann Arbor, MI 48103, USA
Tel. +1 - 248-705-2605 (24 / 7 phone number)
Email:  elke@forefrontinternational.com, Web: www.forefrontinternational.com

Notarization:

_(signature)_
Name: _Timothy J. Lueck_
Notary Public

Seal and Stamp Notary Public

> TIMOTHY J LUECK
> Notary Public - Michigan
> Wayne County
> My Commission Expires Apr, 10, 2021
> Acting in the County of _Washtenaw_

**Forefront Corporation**
**www.forefrontinternational.com**
1516 Normandy Road, Suite 100, Ann Arbor, MI 48103, USA
Phone: 1-248-705-2605, Email: team@forefrontinternational.com

TIMOTHY J LUECK
Notary Public - Michigan
Wayne County
My Commission Expires Apr 10, 2021
Acting in the County of _____

**Attachment A**

## NONDISCLOSURE AGREEMENT FOR
## REPORTER/STENOGRAPHER/TRANSLATOR

I, _Elke Kramer_, do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the investigation or hearing in *Certain Automated Teller Machines, ATM Modules, Components Thereof, and Products Containing the Same*, 337-TA-989, except as permitted in the protective order issued in this case.  I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said investigation.

I am aware that the unauthorized use or conveyance of information as specified above is a violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.

Signed _____ _E. Kramer_ _____

Dated _____ _6-7-16_ _____

Firm or affiliation _____ _Forefront Corporation (my company name)_

# ATTACHMENT F

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

CERTAIN AUTOMATED TELLER
MACHINES, ATM MODULES,
COMPONENTS THEREOF, AND
PRODUCTS CONTAINING THE SAME

Inv. No. 337-TA-989

## Order No. 9

Complainants Nautilus Hyosung Inc. and Nautilus Hyosung America Inc. (collectively,

"Nautilus Hyosung") filed a motion seeking a recommendation to the United States District

Court for the District of Columbia to issue a Letter of Request pursuant to the Hague Convention

of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters on behalf

of Nautilus Hyosung to obtain documents and deposition testimony from the following foreign

third party:

Wincor Nixdorf International GmbH
Heinz-Nixdorf-Ring 1, 331106
Paderborn, Germany

Motion Docket No. 989-006. Nautilus Hyosung believes that Wincor Nixdorf International

GmbH is in possession of information relevant to this investigation that likely will not be

obtainable through its domestic subsidiary. Mot. at 2-3. No party opposed the motion.

Motion No. 989-006 is granted.

Accordingly, it is respectfully recommended that the District Court issue complainants' Letter of Request to the appropriate judicial authority of Germany (Central Authority for the Hague Service Convention).

David P. Shaw
Administrative Law Judge

Issued: June 6, 2016

2